# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF WORCESTER, OCTOBER TERM 1833, AT WORCESTER.

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## Edmund Cobb *versus* Chenery Abbot and Joseph Taylor.

A line of stagecoaches was run by the two defendants from Barre through Holden to Worcester and back, and it was agreed that one of them should furnish and maintain horses and coaches and receive the money paid for the transportation of passengers between Holden and Worcester, and that the other should do the like between Holden and Barre. They hired a man to drive all the way from Barre to Worcester and back, for a certain sum per month and perquisites; and money was delivered by the plaintiff to this driver to carry from Barre to Worcester, but he absconded without delivering it. *Held,* that the driver was the servant of the defendants jointly, and that they were jointly liable to the plaintiff for the money.

THIS action was brought to recover a sum of money delivered by the plaintiff to a stagecoach driver, named Haynes, who drove a stagecoach from Barre through Holden to Worcester, and back on the same road from Worcester to Barre. The defendants are charged in the writ as copartners and joint

proprietors of the coach driven by Haynes, who is called their servant. The general issue was pleaded.

It appeared that in June, 1830, Abbot alone advertised that he was about to commence the running of a stagecoach from Worcester to Barre and back, by the road above mentioned. The reason assigned by the defendants, why Abbot published the advertisement in his own name only and exhibited himself as the sole proprietor, was, that Taylor was interested with other persons ·in a stagecoach passing from Holden to Boston but not passing through Worcester, and he did not wish to have it known that he was concerned in another line of coaches running between Holden and Boston.

The agreement between Abbot and Taylor was, that Abbot should furnish, maintain and own the horses and coaches used between Holden and Worcester, receive to his own use all the money paid for the transportation of passengers between Holden and Worcester, which being about half as far as from Holden to Barre, the fare was to be· half as much as should be paid for a passage between Holden ,and Barre ; and that Taylor should furnish, maintain and own the horses and coaches used between Holden and Barre, and receive the money paid for all passengers between these two towns ; and they did ·so own and maintain their horses and coaches. They hired Haynes to drive all the way from Worcester to Barre and ·back, at ten dollars a month, and Haynes was to have " the perquisites," as expressed by the witness, without any explanation. Abbot's coach passed every day in the week, except Sunday, from Holden to Worcester and back ; but Taylor's passed from Holden to Barre and back but three times in a week. Abbot was to pay one half of Haynes's wages, and Taylor the other half. The money paid by passengers was received at Abbot's tavern, in Holden, and a book was kept by his bar-keeper, in which an account was kept, in one page, of the money paid by passengers for Abbot, for his end of the line, and in another page, of the receipts for Taylor, from passengers, for his end of the line. In this book, which was the only way-book kept by either of the defendants, there was no entry of any receipt for any baggage or package sent, and there was no evidence of any receipt by either of the defend

ants, of any payment for baggage at any time. It was admitted that the money in question was delivered by the plaintiff to Haynes at Barre, to be delivered at Worcester, and that Haynes absconded without delivering it.

The question was submitted to the jury, whether the defendants had proved that the contract was made particularly with Haynes, and that the plaintiff intended, when he sent the money, to exonerate the owners of the coach, whoever they might be, from liability.

The jury returned a verdict for the plaintiff. If the evidence established such a copartnership between the defendants as would enable the plaintiff to maintain the action, judgment was to be entered on the verdict; otherwise a new trial was to be granted.

*Hoar* and *Towne*, for the defendants, insisted that the facts did not prove a partnership. There was no sharing of profits or losses, but each defendant was to receive the profits ana sustain the losses on his own horses and coaches. Gow on Partn. 1. [*Shaw* C. J. Does the case raise the question of oartnership, strictly speaking? The question seems rather to ne, whether the driver was the servant of the two defendants jointly.] If there was an agency making the defendants jointly liable, it must be on the ground of a partnership. But one of the defendants had no control of the driver, when he was on the part of the route belonging to the other. The difficulty of showing whether the money was lost between Holden and Barre or between Holden and Worcester, will not enable the plaintiff to join both of the stagecoach proprietors in an action; it is only a difficulty arising from want of evidence. Gow on Partn. 1; *Barton* v. *Hanson*, 2 Taunt. 49; *Thorndike* v. *De Wolf*, 6 Pick. 120; *Allen* v. *Sewall*, 2 Wendell, 327; *In the matter of Webb et al.* 8 Taunt. 443.

*Merrick* and *Houghton*, for the plaintiff, cited Gow on Partn. 6; 3 Kent's Comm. 1 *et seq.*; *Waland* v. *Elkins*, 1 Stark. R. 272.

*Per Curiam.* The only question for consideration is, whether the facts show that both of the defendants are liable for the acts of Haynes, or whether he was the agent sometimes of one and sometimes of the other, according to the

part of the route on which, at different times, he was driving. They employed him jointly, and gave him perquisites ; and he would be allowed to sue them together for his wages. He was the servant of both to some purposes. But we shall not decide the case on this narrow ground ; for he might be employed by the defendants jointly and have a joint claim against them, and yet be in the several employment of one or the other at different times.

What then was the nature of this contract with the plaintiff ? Was it to carry the money from Barre to Holden and from Holden to Worcester, or to carry it from Barre to Worcester ? Was it one or two contracts ? If the driver was the servant of one of the defendants at one end of the line, and of the other at the other, there were two contracts ; and this brings us to the general question, whether the defendants were so connected as to be jointly liable for his acts. It is not easy to decide, whether they were interested in the whole line, or each at one end only. It should seem in the outset, that there was but one enterprise, namely, to run a line of stagecoaches from Barre to Worcester and back. The contract between the defendants was not a stipulation that one would run coaches one part of the way, if the other would, the other part ; but it seems to have been a joint undertaking, and the advertisement was of a stagecoach running from Worcester to Barre and back. Each of the defendants was at the expense of supporting the line at one end of the route ; and if the arrangement had been to divide the profits equally or proportionably, there would have been a partnership, beyond any doubt. Does it make a difference that they divided the profits according as they were earned at each end ? The question is not without difficulty, but on the whole, we think they must be considered so far jointly concerned, as to be jointly liable for this driver's act in this particular instance. They jointly hired him, and for a joint object ; and the well managing of the business at one end of the line, was of importance to the other.

*Judgment on the verdict*